# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ERIC SHAWN MICKLE,** | } |
| **Plaintiff,** | } |
| v. | }   Case No.:  2:16-cv-764-RDP |
| **SHERIFF MIKE HALE,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

**I.   Introduction**

This case is before the court on Defendant Sheriff Mike Hale's Motion to Dismiss Plaintiff's Complaint (Doc. # 3), filed May 10, 2016.  Plaintiff was afforded the opportunity to respond to the Motion, but has not done so.[1]  Accordingly, the Motion is ripe for decision, and after careful review, the court concludes it is due to be granted.

**II.   Background Facts and Procedural History**

Plaintiff filed his Complaint seeking relief for violations of his civil rights under 42 U.S.C. § 1983.  (Doc. # 1, Ex. 1).  Defendant Hale responded by filing this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. # 3).[2]  "A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true." *Mays v. United States Postal Service*, 928 F. Supp. 1552, 1557-58 (M.D. Ala. 1996).  Thus, for

---

[1] (*See* Doc. # 5 (June 6, 2016 Order)).

[2] Although Plaintiff's Complaint lists certain fictitious defendants, none were ever served. Moreover, as a general matter, fictitious party pleading is not permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).  Therefore, Defendant Hale is the sole Defendant in this case.

the purpose of resolving the Motion, the court treats the following facts alleged in the Complaint as true.

Plaintiff was arrested and brought to the Jefferson County Jail on February 26, 2014, pending several charges. (Doc. # 1, Ex. 1). At the time of his arrest, Plaintiff suffered from Type I diabetes and informed the jail personnel of his condition. (*Id.*). Throughout his time at the jail, Plaintiff was given his insulin medication in an inconsistent and ineffective manner. (*Id.*). Over the Plaintiff's protestations, he was fed a diet high in sugar and starch. (*Id.*). Without effective medication and with an improper diet, by the time he was released from the Jefferson County Jail, Plaintiff could no longer walk without the assistance of a walker. (*Id.*). Plaintiff claims he is still unable to walk without assistance. (*Id.*).

Plaintiff thereafter filed this lawsuit, seeking compensatory and punitive damages from the jail personnel for deliberate indifference under 42 U.S.C. § 1983. (Doc. #1, Ex. 1). Although, Plaintiff asserts a respondeat superior cause of action against Defendant Sheriff Mike Hale ("Sheriff Hale"), he does not specify whether he has sued Sheriff Hale in his official or individual capacity, or both. (*Id.*). Sheriff Hale argues that, regardless, the claims against him should be dismissed on sovereign immunity and qualified immunity grounds. (Doc. # 3).

### III. Standard of Review

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleaser is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and

2

conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.  In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Intl. Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Candield, Paddock & Stone, PLC*, 413 Fed. Appx. 136, 138 (11th Cir. 2011) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)).  That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Twombly*, 550 U.S. at 556.  Further, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental ,* 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 682).  If the court determines that well-pleaded

facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 556.

## IV. Analysis

Plaintiff brings this case pursuant to 42 U.S.C. § 1983. (Doc. # 1, Ex. 1). To state a claim under Section 1983, Plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). In addition, Alabama sheriffs are state officials, and, thus, clothed with the authority of state law. *See Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citing *Parker v. Amerson*, 519 So.2d 442, 443 (Ala. 1987)) (a court must "consider the laws of the state" and, according to the Supreme Court of Alabama, "a sheriff is an executive officer of the state of Alabama").

### A. Sheriff Hale Enjoys Eleventh Amendment Immunity as to Any Money Damages Claims Asserted Against Him in his Official Capacity

The Eleventh Amendment insulates a state from suit in federal courts unless the state either consents to suit or waives its Eleventh Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). "Lawsuits against a state official in his or her official capacity are suits against the state when 'the state is the real, substantial party in interest.'" *Carr*, 916 F.2d at 1524 (quoting *Halderman*, 465 U.S. at 101). Thus, "[a] state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity . . . or Congress has abrogated the state's immunity." *Lancaster v. Monroe Cty., Ala.*,

4

116 F.3d 1419, 1429 (11th Cir. 1997) (internal citations omitted). "Alabama has not waived its Eleventh Amendment immunity . . . and Congress has not abrogated Alabama's immunity." *Id.* (internal citations omitted).

Sheriff Hale, as an Alabama sheriff (*i.e.*, a state official), has sovereign immunity under the Eleventh Amendment with respect to money damages claims brought against him in his official capacity. *See Carr*, 916 F.2d at 1525. Thus, Sheriff Hale has immunity with respect to any of Plaintiff's money damage claims asserted against him in his official capacity because they are really claims against the state of Alabama. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State."). The court, therefore, concludes that any claims for money damages against Sheriff Hale in his official capacity are due to be dismissed.

### B. Sheriff Hale Enjoys Qualified Immunity as to Any Federal Law Claims for Money Damages Asserted Against Him in his Individual Capacity

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Accordingly, "[a]t the motion to dismiss state in the litigation, 'the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined.'" *Keating v. City of Miami*, 598 F.3d 753, 760 (11tthh Cir. 2010) (citation omitted). To be sure, "[b]ecause qualified immunity is 'an immunity from suit rather than a mere defense to liability . . . it is effectively lost is a case is erroneously permitted to go to trial.'" *Pearson*, 555 U.S. at 231 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (changes in *Pearson*).

Qualified immunity "protects government officials performing discretionary functions from the burdens of civil trials and from liability." *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1282 (11th Cir. 2008) (internal citations omitted).  An official loses qualified immunity when his conduct violates "clearly established statutory or constitutional rights." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).  However, the standard is "broad enough to cover some mistaken judgment, and it shields from liability all but the plainly incompetent or those who knowingly violate the law." *Garczynski v. Bradshaw*, 573 F.3d 1158, 1167 (11th Cir. 2009) (quoting *Montoute v. Carr*, 144 F.3d 181, 184 (11th Cir. 1997)).

Sheriff Hale has the initial burden of proving that he was acting within the scope of his discretionary authority in order to be eligible for qualified immunity.  *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004) (citing *Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (2003)).  Discretionary authority exists if Sheriff Hale was (1) performing a legitimate job-related function (2) through means within his power to utilize. *Holloman*, 370 F.3d at 1266.  In other words, a "defendant must have been performing a function that, *but for* the alleged constitutional infirmity, would have fallen with his legitimate job description." *Id.* (emphasis in original).

If Sheriff Hale makes this initial showing, the burden shifts and Plaintiff must demonstrate that Sheriff Hale is not entitled to qualified immunity. *Holloman*, 370 F.3d at 1264. Here, the United States Supreme Court has mandated a two-step sequence to determine whether an official such as Sheriff Hale is entitled to qualified immunity, and a district court has discretion to determine in what order to address each part. *Keating*, 598 F.3d at 762 (citing *Pearson*, 555 U.S. at 232, 236).  The court must decide whether the facts alleged by Plaintiff make out a violation of a constitutional right. *Pearson*, 555 U.S. at 232.  Additionally, the court

must decide whether the right at issue was "clearly established" at the time of the alleged misconduct by Sheriff Hale. *Id.* Sheriff Hale is not entitled to qualified immunity if Plaintiff can prevail as to both parts of the test.

Plaintiff's claim revolves around his treatment (or lack thereof) by Jefferson County Jail personnel. (*See* Doc. #1, Ex. 1). Plaintiff alleges a cause of action against Sheriff Hale under respondeat superior for failure to properly train and supervise the jail officers. (*Id.*). Supervising county jails and officers providing medical treatment for those held therein are clearly within the line and scope of Sheriff Hale's authorized duties. *See* Ala. Code. § 14-6-1 ("The sheriff has the legal custody and charge of the jail in his or her county and all prisoners committed thereto…. The sheriff may employ persons to carry out his or her duty to operate the jail and supervise the inmates housed therein for whose acts he or she is civilly responsible."); *see also* § 14-6-19 ("Necessary clothing and bedding must be furnished by the sheriff or jailer… and also necessary medicines and medical attention to those who are sick or injured, when they are unable to provide them for themselves."). Thus, Sheriff Hale has met his initial burden of showing that he is entitled to assert qualified immunity in response to Plaintiff's claims.

Because Sheriff Hale has established he acted within a scope of discretionary authority, Plaintiff must demonstrate that Sheriff Hale is not entitled to qualified immunity. *Holloman*, 370 F.3d at 1264. Plaintiff has not met his burden. First, Plaintiff has not alleged any facts that suggest Sheriff Hale was present during the jailing of Plaintiff, that Sheriff Hale was aware of Plaintiff's time at the jail, or that the jailer's training was in any way insufficient. (*See* Doc. # 1, Ex. 1). Second, Sheriff Hale cannot be held liable merely on the basis of respondeat superior. *Weaver v. Mobile Cty.*, 228 Fed. Appx. 883, 886 (11th Cir. 2007) (quoting *Marsh v. Butler Cty.*,

268 F.3d 1014, 1035 (11th Cir. 2001)) ("It is well-established that a 'Sheriff can have no respondeat superior liability for a section 1983 claim.'").

To be sure, while "[s]upervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability," they may nonetheless be liable "when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1396-97 (11th Cir. 1994) (citations omitted). That is, "[s]upervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is [some other] causal connection." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). But, as explained above, Plaintiff has not alleged any facts showing that Sheriff Hale personally participated in or knew of Plaintiff's mistreatment, or had insufficiently trained the county jailers. (*See* Doc. # 1, Ex. 1). Thus, the only conceivable basis for Plaintiff's claims against Sheriff Hale is mere supervisor liability; however, such a claim cannot stand in a Section 1983 suit. *See Brown*, 906 F.2d at 671; *Weaver*, 228 Fed. Appx. at 886. Accordingly, Sheriff Hale is entitled to qualified immunity against any federal claims asserted against him in his individual capacity, and any such claims are due to be dismissed.

## V.    Conclusion

For these reasons, the court concludes that Defendant Sheriff Mike Hale's Motion to Dismiss (Doc. # 3) is due to be granted and Sheriff Hale is due to be dismissed from this case. A separate order shall be entered.

**DONE** and **ORDERED** this July 5, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE